UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NIKKI DUPLANTIS                                    CIVIL ACTION

VERSUS                                             NO. 17-10897

ROYCE COCHRAN, ET AL.                              SECTION "R" (3)

## ORDER AND REASONS

Before the Court are Defendant Gulf Coast Pre-Stress Partners, Ltd.'s motion for summary judgment,[1] plaintiff's motion to defer summary judgment,[2] and the parties' responses to the Court's order to show cause.[3] For the following reasons, the Court grants plaintiff's motion to defer summary judgment, and denies Gulf Coast's motion without prejudice. Further, the Court orders plaintiff to effectuate service on Defendant Royce Cochran within 90 days, and to take a step in the prosecution of Defendant Bob Jent within 30 days.

## I.  BACKGROUND

This case arises out of a motor vehicle collision in Lafourche Parish, Louisiana.[4] Plaintiff alleges that, on November 8, 2016, she was approaching

---

1   R. Doc. 7.
2   R. Doc. 10.
3   R. Doc. 13; R. Doc. 14; R. Doc. 15; R. Doc. 16.
4   R. Doc. 7-2.

the westbound entrance ramp of the US 90 highway when her car was suddenly hit by a vehicle driven by Royce Cochran.[5] The petition asserts that Cochran was driving a pilot vehicle for Gulf Coast at the time of the accident, and that Cochran's vehicle was owned by Bob Jent.[6] Plaintiff further alleges that Cochran was engaged in business on behalf of defendants Gulf Coast and/or A & A Services, Inc.[7] Gulf Coast represents that it retained A & A Services to obtain an escort vehicle for its tractor trucks traveling from the Mississippi/Louisiana state line to Houma, Louisiana.[8]

On April 10, 2017, plaintiff filed suit in Louisiana state court against Gulf Coast, Cochran, and Jent.[9] Plaintiff amended her petition on June 8, 2017, to add A & A Services as a defendant.[10] Plaintiff represents that she served Gulf Coast, Jent, and A & A Services, but has been unable to serve Cochran.[11] Jent has not made an appearance in this matter. On October 20, 2017, Gulf Coast removed this case on the basis of diversity of citizenship.[12] On January 19, 2018, the Court ordered plaintiff to show good cause why her

---

[5] *Id.* at 1-2.
[6] *Id.* at 2 ¶ 7.
[7] R. Doc. 7-3 at 2 ¶ 8.
[8] R. Doc. 7-1 at 2.
[9] R. Doc. 7-2.
[10] R. Doc. 7-3.
[11] R. Doc. 14 at 2.
[12] R. Doc. 1.

claims against Cochran and Jent should not be dismissed for failure to prosecute.[13] Plaintiff timely responded to this order.[14]

Gulf Coast now moves for summary judgment as to plaintiff's claims against it.[15] Plaintiff moves to defer consideration of summary judgment under Federal Rule of Civil Procedure 56(d).[16]

## II. DISCUSSION

### A. Summary Judgment

Gulf Coast argues that it is not vicariously liable for Cochran's negligence because Cochran was hired by A & A Services, and A & A Services is an independent contractor.[17] Gulf Coast further argues that it is not liable for negligent hiring or supervision because it had no evidence that A & A Services was irresponsible, it played no role in hiring Cochran, and it did not exercise operational control over the work of A & A Services.[18] Defendant offers the affidavit of its Human Resources Manager, Noel Monaghan, who attests that Gulf Coast hired an escort service through an independent

---

[13]   R. Doc. 13.
[14]   R. Doc. 14.
[15]   R. Doc. 7.
[16]   R. Doc. 10.
[17]   R. Doc. 7-1 at 5-13.
[18]   *Id.* at 13-15.

broker, that the services provided by A & A Services were for a specific occasion and at an agreed upon price, and that Gulf Coast exercised no right of direction, supervision, or operational control over the services to be performed by A & A Services and its employees or subcontractors.[19] Defendant also offers an invoice issued by A & A Services to Gulf Coast in the amount of $155 for one car on November 8, 2016.[20] Monaghan further attests that Gulf Coast used A & A Services for escort services before November 8, 2016, without any issues or problems.[21]

Plaintiff asks the Court to defer consideration of summary judgment under Federal Rule of Civil Procedure 56(d).[22] Plaintiff attaches an affidavit from her counsel stating that plaintiff cannot properly oppose summary judgment until she is permitted to discover facts regarding the relationship between Gulf Coast and the pilot vehicle operator, Cochran.[23] Rule 56(d) permits a district court to deny or defer consideration of a motion for summary judgment, allow time to take discovery, or "issue any other appropriate order" when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

---

[19] R. Doc. 7-4 at 2.
[20] R. Doc. 7-5 at 11.
[21] R. Doc. 7-4 at 2 ¶ 10.
[22] R. Doc. 10.
[23] R. Doc. 10-3 at 2.

opposition." The Fifth Circuit has instructed that "[s]uch motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Gulf Coast argues that summary judgment should not be deferred because plaintiff has not diligently pursued discovery.[24] *See McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (explaining that a requesting party is not entitled to relief if it has not diligently pursued discovery). Gulf Coast notes that plaintiff failed to pursue any discovery against it in the seven months between the filing of the original petition and Gulf Coast's summary judgment motion.[25] But Gulf Coast relies on cases that involved a substantially longer delay in pursuing discovery. *See Danos v. Union Carbide Co.*, 541 F. App'x 464, 467 (5th Cir. 2013) (affirming denial of Rule 56(d) motion when summary judgment motion was filed over one year after the lawsuit was filed); *Darville v. Turner Indus. Grp., LLC*, No. 13-625, 2015 WL 2357248, at *7 (M.D. La. 2015) (finding a lack of due diligence when plaintiff failed to obtain information over 21 months).

Moreover, plaintiff represents that she did not conduct discovery against Gulf Coast because she granted Gulf Coast an extension of time to file

---

[24] R. Doc. 12 at 5-8.
[25] *Id.* at 8.

responsive pleadings.[26] Gulf Coast filed an answer in state court on October 5, 2017, removed this matter on October 20, 2017, and filed its motion for summary judgment on November 9, 2017.[27] Plaintiff has attached a copy of the interrogatories and requests for production she intends to serve on Gulf Coast if her Rule 56(d) motion is granted.[28] "Although plaintiffs' diligence in pursuing discovery was not exemplary," the Court finds that her delay does not warrant denial of her Rule 56(d) motion for lack of due diligence. *Culwell*, 468 F.3d at 872.

Gulf Coast further argues that plaintiff is not entitled additional discovery because she has offered no plausible basis to believe that the facts she seeks probably exist, or will influence the outcome of summary judgment.[29] *See Prospect Capital Corp. v. Mutual of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016). Plaintiff seeks to discover information regarding the level of control Gulf Coast exercised over Cochran, including Gulf Coast's policies with respect to pilot vehicles, its screening process for pilot drivers, and its level of supervision over Cochran.[30]

---

26  R. Doc. 10-1 at 2, 7.
27  R. Doc. 1; R. Doc. 1-23; R. Doc. 7.
28  R. Doc. 10-1 at 4; R. Doc. 10-2.
29  R. Doc. 12 at 9.
30  R. Doc. 10-1 at 4-5.

In Louisiana, the existence of an independent contractor relationship depends on multiple factors, and no single factor is determinative. *Newcomb v. North East Ins. Co.*, 721 F.2d 1016, 1017 (5th Cir. 1983); *see also Hillman v. Comm-Care, Inc.*, 805 So. 2d 1157, 1163 (La. 2002); *Hickman v. S. Pacific Transport Co.*, 262 So. 2d 385, 390-91 (La. 1972). Further, a principal can be held liable for the torts of an independent contractor if "the principal exercises operational control over or expressly or impliedly authorizes the independent contractor's actions." *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 270 (5th Cir. 1992) (internal quotation omitted). "Operational control exists when the principal retains the right to 'direct supervision over the step-by-step process of accomplishing the work.'" *Dragna v. KLLM Transport Servs., LLC*, 638 F. App'x 314, 318 (5th Cir. 2016) (quoting *LeJeune*, 950 F.2d at 270).

Defendant relies on Monaghan's affidavit to argue that it did not provide any direction or supervision over the escort services provided by A & A Services or Cochran, and that any incidental interaction with Cochran would be insufficient to show the required level of control.[31] Monaghan attests that Gulf Coast "exercised no direction, supervision, or operational control or the right of direction, supervision, or operational control over the

---

[31] R. Doc. 12 at 11.

services to be performed by A & A" Services and its employees or subcontractors, and that A & A Services and its employees or subcontractors were free to use their own methods to perform the contract with Gulf Coast.[32] But these statements simply repeat the legal standard for vicarious liability, and the affidavit does not offer details about Gulf Coast's relationship with A & A Services and Cochran. Gulf Coast does not provide a copy of its contract with A & A Services. *Cf. Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 564 (5th Cir. 2003) (affirming summary judgment on operational control issue based on contract provisions assigning independent contractor final authority and responsibility for activities).

Given the fact-specific nature of operational control, it is plausible that plaintiff could discover evidence that would create a genuine issue of fact as to Gulf Coast's liability. Accordingly, the Court finds that plaintiff is entitled to a limited extension of time for discovery. Gulf Coast requests that any discovery necessary to oppose summary judgment be conducted within 90 days.[33] This timeframe is reasonable. The Court grants plaintiff's Rule 56(d) motion, and denies Gulf Coast's motion for summary judgment without prejudice. Gulf Coast may re-urge its motion after 90 days.

---

[32] R. Doc. 7-4 at 2.
[33] R. Doc. 12 at 2.

**B. Order to Show Cause**

Neither Cochran nor Jent has made an appearance or filed a responsive pleading in this matter. On January 19, 2018, the Court ordered plaintiff to show cause why Cochran and Jent should not be dismissed for failure to prosecute.[34] In response to this order, plaintiff has provided proof of service on Jent.[35] Plaintiff has also provided a copy of a letter her counsel mailed to Jent stating that plaintiff will file a default judgment against him if he does not file a responsive pleading by February 16, 2018.[36] Plaintiff represents that she is prepared to pursue default judgment against Jent.[37] The Court finds that plaintiff should be afforded additional time to prosecute her claim against Jent.

Plaintiff further represents that she has been unable to serve Cochran, but she is prepared to hire a private process server in Mississippi to effectuate service.[38] The record reflects that plaintiff twice attempted to serve Cochran by mail, but service was returned as undeliverable each time.[39] Plaintiff attempted to serve Cochran at the same address provided for Cochran by

---

[34] R. Doc. 13.
[35] R. Doc. 16-3; R. Doc. 16-4; R. Doc. 16-5.
[36] R. Doc. 14-1.
[37] R. Doc. 14 at 7.
[38] *Id.*
[39] R. Doc. 16-1; R. Doc. 16-2.

9

A & A Services in its responses to plaintiff's interrogatories.[40] Plaintiff also represents that she hired an investigative firm to perform a database search to ascertain Cochran's current address, without success.[41] The Court finds that plaintiff has demonstrated good cause for her failure to serve Cochran, and grants an additional 90 days to effectuate service. *See* Fed. R. Civ. P. 4(m).

**III. CONCLUSION**

For the foregoing reasons, plaintiff's Rule 56(d) motion is GRANTED. Plaintiff shall conduct any discovery necessary to oppose Gulf Coast's motion for summary judgment within 90 days of this order. Gulf Coast shall promptly respond to plaintiff's discovery requests. The Court DENIES Gulf Coast's motion for summary judgment, without prejudice to re-urge the motion after 90 days.

IT IS ORDERED that plaintiff serve process on Royce Cochran within 90 days of this order. IT IS FURTHER ORDERED that plaintiff take a step in the prosecution of her action against Bob Jent within 30 days of this order.

---

[40] R. Doc. 7-5 at 7; R. Doc. 16-1.
[41] R. Doc. 16 at 2.

Failure to comply with these deadlines will result in dismissal of plaintiff's claims against the relevant defendant for failure to prosecute.

New Orleans, Louisiana, this __6th__ day of March, 2018.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE